IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-02781-PAB
Criminal Case No. 13-cr-00138-PAB

UNITED STATES OF AMERICA,

v.

1. STEPHANIE CHARBONEAU,

    Defendant.

---

## ORDER DENYING § 2255 MOTION

---

Movant Stephanie Charboneau has filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") [Docket No. 74]. The United States responded to the § 2255 motion. Docket No. 80. Ms. Charboneau filed a reply. Docket No. 83.

The Court construes Ms. Charboneau's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

### I. PROCEDURAL HISTORY

On September 5, 2013, Ms. Charboneau pled guilty to Counts One and Two of an indictment, charging violations of 18 U.S.C. §§ 371 and 201, conspiracy and bribery. Docket No. 35. The Court sentenced Ms. Charboneau to 60 months imprisonment as

to Count One and 87 months imprisonment as to Count 2, to be served concurrently. Docket No. 66. Ms. Charboneau did not file a direct appeal.

Ms. Charboneau's § 2255 motion asserts four grounds for relief. Docket No. 74 at 8-12. Her first three grounds for relief relate to the calculation of her offense level under the United States Sentencing Guidelines. She claims that (1) the Presentence Investigation Report ("PSI") erred by not granting her a minor role reduction, which would reduce her offense level; (2) the PSI erred in calculating her total restitution owed, and a proper calculation of the amount owed would result in a two-point reduction in her offense level; and (3) the PSI erred in applying the bribery enhancement pursuant to § 2C1.1, which increased her offense level by two points. *Id*. at 8-9. Ms. Charboneau's fourth ground for relief is that her sentence created an "unwarranted sentence disparit[y] among defendants with similar records." *Id*. at 9-10 (citing 18 U.S.C. § 3553(a)(6)). Although Ms. Charboneau does not explicitly raise a claim for ineffective assistance of counsel, she alleges that she did not appeal the sentence "because [defense counsel] told [her she] could not file any sort of appeal," and that criminal proceedings pending against defense counsel "hindered his ability to focus on [her] defense and provide [her] with the attention [she] deserved under [her] constitutional right." *Id*. at 12. Ms. Charboneau requests that her prison sentence be reduced to 36 months. *Id*.

## II. ANALYSIS

The United States argues that Ms. Charboneau's § 2255 motion is subject to dismissal because all of her claims are untimely. Docket No. 80 at 2-5.

A § 2255 motion usually must be filed within one year after the judgment is final. 28 U.S.C. § 2255(f)(1). Here, judgment entered on February 11, 2014. Docket No. 66. Ms. Charboneau did not file a direct appeal; therefore, her conviction became final fourteen days later upon "expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). She filed her § 2255 motion on November 4, 2016, more than a year and a half after the limitations period expired. Docket No. 74.

Ms. Charboneau offers two arguments as to why her motion is timely. First, she argues that 28 U.S.C. § 2255(f)(4) applies, which provides that the one-year limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Docket No. 74 at 13. She contends that Amendment 794 to the United States Sentencing Guidelines, which she relies upon as the basis of her first ground for relief, became effective on November 1, 2015, and thus the one-year clock should start on that date. *Id*. Second, in her reply she argues that the "extraordinary circumstances" of her case should result in the application of equitable tolling. Docket No. 83 at 9.

Neither argument has merit. As to Ms. Charboneau's first argument, Amendment 794 cannot trigger a later start to the limitations period because it does not fit within the plain text of § 2255(f)(4). Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 based on a finding that "minor role reductions were being 'applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (quoting U.S.S.G. App. C. Amend. 794). Amendment 794 is not a new "fact[] supporting the claim"; rather, it is a

3

modification to the Sentencing Guidelines. See 28 U.S.C. § 2255(f)(4). The Tenth Circuit has rejected the argument that Amendment 794 constitutes a "new fact" for purposes of § 2255(f)(4). See *United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017) (unpublished) ("A change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)."); *see also United States v. Wells*, 2018 WL 1972708, at *2 (N.D. Okla. April 26, 2018) (collecting cases and noting that petitioner's argument "has been rejected by courts across the country"). Thus, § 2255(f)(4) does not apply to this case and Ms. Charboneau's motion is untimely.[1]

Moreover, equitable tolling cannot not save Ms. Charboneau's motion. The statutory limitation period in § 2255 is subject to equitable tolling if a movant can show "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way.'" *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year statute of limitations in 28 U.S.C. § 2244)). The movant must "allege with specificity the steps [s]he took to diligently pursue [her] federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted). The movant bears the burden of demonstrating that she is entitled to equitable tolling. See *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. 2008)

---

[1] Even if the petition were timely, it is doubtful that Ms. Charboneau could obtain any relief under Amendment 794 because the amendment is not retroactive. *Cf. United States v. Ramirez*, 698 F. App'x 943, 945 (10th Cir. 2017) (unpublished) (noting that "Amendment 794 . . . has not been made retroactive by the Sentencing Commission" and thus cannot be grounds for a sentence reduction under 18 U.S.C. § 3582(c)(2)).

(unpublished) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Ms. Charboneau does not articulate which "extraordinary circumstances" require the application of equitable tolling. In her motion, she indicates that she did not file a timely appeal of her sentence because defense counsel "told [her she] could not file any sort of appeal." Docket No. 74 at 12. Ms. Charboneau says that defense counsel "stood by that statement" even after Ms. Charboneau "read the transcripts and pointed out the fact that [the Court] had told [her that she] was able to [appeal] within 14 days." *Id*.; *see also* Docket No. 83 at 4-5. In essence, this is a claim that defense counsel's misconduct related to the lack of a direct appeal is an extraordinary circumstance that requires equitable tolling of the statute of limitations for a § 2255 motion.

The one-year limitation period may be subject to equitable tolling when "serious instances of attorney misconduct" have occurred. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (addressing one-year limitation period for habeas petitions filed by state prisoners); *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (same). However, "a garden variety claim of excusable neglect" does not suffice. *Holland*, 560 U.S. at 651-52 (internal quotation marks and citation omitted). "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming*, 481 F.3d at 1255-56 (internal citation omitted). Therefore, "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling," including a

5

mistake by counsel in interpreting the applicable statute of limitations. *Id*. at 1256 (citation omitted).

Even if Ms. Charboneau's motion established that her counsel's performance was a "serious instance[] of attorney misconduct," she fails to establish that she pursued her claims with due diligence before the one-year limitation period expired. *See Holland*, 560 U.S. at 651-52. Ms. Charboneau knew that her plea agreement had an appeal waiver, understood that, despite such waiver, she had the right to file an appeal within fourteen days after entry of judgment, *see* Docket No. 83 at 4, and knew that an exception to the appeal waiver was ineffective assistance of counsel. *See* Docket No. 36 at 2. Evidence in the record indicates that, at the time of sentencing, Ms. Charboneau was interested in filing an appeal. *See* Docket No. 83 at 16-22 (email exchange with counsel's office).[2] However, Ms. Charboneau fails to explain how counsel's alleged failure to file a notice of appeal on her behalf within fourteen days of entry of judgment would require tolling of the one-year limitation period for filing a § 2255 motion. Ms. Charboneau knew when the appeal deadline was, *see id*. at 19-20, and does not claim that she assumed her counsel filed an appeal by such deadline. The record contains no evidence of what, if any, steps Ms. Charboneau took to pursue her claims in the fifty weeks after her time to file a direct appeal expired. *See United States v. Halcrombe*, 700 F. App'x 810, 815 (10th Cir. 2017) (unpublished) (denying a

---

[2] Ms. Charboneau asserts that her counsel's office stopped responding to her emails and did not meet with her as planned in February 2014. *See* Docket No. 83 at 14. The Court notes that Ms. Charboneau did not indicate at her change of plea hearing on September 24, 2013, her sentencing hearing on February 3, 2014, or her post-sentencing bond revocation hearing on April 8, 2014 that she had any problems with her attorney. Docket Nos. 38, 63, 71.

certificate of appealability on an equitable tolling argument where petitioner "assert[ed] no facts supporting a conclusion that he diligently pursued the claims raised in his § 2255 motion"); *cf. Gadsden v. United States*, 2011 WL 1560129, at *3 (M.D. Fla. Apr. 25, 2011) (equitable tolling not established for the purpose of a § 2255 motion, as there was no due diligence in pursuing claims where petitioner's plea agreement contained appeal waiver, petitioner was told at sentencing that he had ten days to file direct appeal, petitioner knew that no direct appeal had been filed, and record did not show "any steps to cause an appeal or check on its status" by petitioner). Thus, the Court finds that Ms. Charboneau has failed to raise a colorable claim that extraordinary circumstances prevented her from filing a timely § 2255 motion.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III. CONCLUSION

For the reasons discussed above, it is

7

**ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 74], filed by Stephanie Charboneau, is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED August 21, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge